# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**EARL BANKS,**

    **Plaintiff,**

    v.

    Civil Action 2:11-cv-944
    Judge Michael H. Watson
    Magistrate Judge E.A. Preston Deavers

**DETECTIVE GINA GRAY,** *et al.*,

    **Defendants.**

## ORDER and REPORT AND RECOMMENDATION

Plaintiff's Request for Initial Screening of Complaint is **GRANTED**. (ECF No. 5.) Thus, this matter is before the Court for the initial screen of Plaintiff's Complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997). Having performed the initial screen, for the reasons set forth below, the undersigned **RECOMMENDS** that the Court **DISMISS** this action for failure to state claim upon which relief can be granted.

### I.

Plaintiff, Earl Banks, a state inmate who is proceeding with out the assistance of counsel, seeks to bring this action under 42 U.S.C. § 1983 against the following Defendants: Cleveland Police Department detectives Gina Gray, E. Marie, and John Vinson in both their individual and

personal capacities; the Cleveland Police Department; and the City of Cleveland. Plaintiff asserts that Defendants acted under the color of state law to deprive him of his rights "under both the Eight Amendment of the United States Constitution and under 42 U.S.C. § 1983." (Compl. ¶ 8, ECF No. 3.)

According to the Complaint, Detective Gray took a statement from the victim of a burglary and theft that a state trial court later found Plaintiff guilty of committing.[1] Detective Gray, Detective Vinson, and Detective Marie signed the police report. Because the same badge number was written beside both Detective Gray and Detective Marie, Plaintiff speculates that they are actually the same person. He therefore concludes that the Detective Gray falsified the police report and that Detective Vinson is complicit in this falsification.

At trial, Plaintiff learned that Detective Gray was the victim's Aunt. He opines that Detective Gray should have consequently removed herself from the investigation. Plaintiff maintains that the Cleveland Police Department and the City of Cleveland failed to ascertain that Defendant Gray adhered to Ohio law and departmental policies. Plaintiff asks this Court to award him nominal, compensatory, and punitive damages, as well as costs and fees.

**II.**

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are

---

[1] In 2010, Plaintiff was charged with one count of burglary and one count of theft. He waived his right to a jury trial, and the case was tried to the state court. The state trial court found Plaintiff guilty of burglary and an amended count of misdemeanor theft, sentencing him to a three-year prison term. On November 3, 2011, the Ohio Eighth District Court of Appeals affirmed the trial court's convictions. *State v. Banks*, No. 96535, 2011 WL 5326143, at *1 (Ohio App. 8 Dist. Nov. 3, 2011).

assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)[2] as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> \*   \*   \*
>
> (B) the action or appeal--
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31; *see also* 28 U.S.C. § 1915A (requiring the Court to screen a prisoner's complaint "as soon as practicable" and dismiss any portion of a the complaint if it is frivolous, malicious, or fails to state a claim). Thus, § 1915(e) and § 1915A require *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Fed. R. Civ. P. 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient.

---

[2]Formerly 28 U.S.C. § 1915(d).

*Ashcroft v. Iqbal*, 566 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Furthermore, a complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In addition, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont County Sheriff's Dept.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). The Court is not required, however, to accept as true mere legal conclusions unsupported by factual allegations. *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 555).

**III.**

Even construing Plaintiff's Complaint liberally, the undersigned concludes that Plaintiff has failed to meet the pleading requirements for a cause of action under 42 U.S.C. § 1983. In order to plead a cause of action under § 1983, Plaintiff must plead two elements: "(1) deprivation of a right secured by the Constitution of laws of the United States (2) caused by a person acting under color of state law." *Hunt v. Sycamore Cmty. Sch. Dist. Bd. of Educ.*, 542 F.3d 529, 534 (6th Cir. 2008) (citing *McQueen v. Beecher Cmty. Sch.*, 433 F.3d 460, 463 (6th Cir. 2006)) (emphasis added). *See also Dist. Attorney's Office v. Osborne*, 557 U.S. 52, 129 S.Ct. 2308, 2318 (2009) (explaining that § 1983 is a federal civil rights statute "which gives a cause of action to those who challenge a State's 'deprivation of any rights . . . secured by the

Constitution.'").

Here, Plaintiff has failed to sufficiently plead the deprivation of a right secured by the Constitution. His argument that Defendants' actions violated his Eighth Amendment rights is not well taken. The Eighth Amendment, which applies to the States through the Fourteenth Amendment, provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." The facts alleged here fail to establish that Defendants have caused a deprivation of Plaintiff's rights under this or any other Amendment.

Because Plaintiff has failed to sufficiently plead a claim with an arguable basis in law over which this Court has jurisdiction, the undersigned **RECOMMENDS** that the Court **DISMISS** this action pursuant to § 1915(e)(2) and 1915A.

**IV.**

Plaintiff's Request for Initial Screening of Complaint is **GRANTED**. (ECF No. 5.) Having performed the initial screen, the undersigned **RECOMMENDS** that the Court **DISMISS** this action in its entirety under §§ 1915(e)(2) and 1915A for failure to state claim upon which relief can be granted.

**PROCEDURE ON OBJECTIONS**

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and

Constitution.'").

Here, Plaintiff has failed to sufficiently plead the deprivation of a right secured by the Constitution. His argument that Defendants' actions violated his Eighth Amendment rights is not well taken. The Eighth Amendment, which applies to the States through the Fourteenth Amendment, provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." The facts alleged here fail to establish that Defendants have caused a deprivation of Plaintiff's rights under this or any other Amendment.

Because Plaintiff has failed to sufficiently plead a claim with an arguable basis in law over which this Court has jurisdiction, the undersigned **RECOMMENDS** that the Court **DISMISS** this action pursuant to § 1915(e)(2) and 1915A.

**IV.**

Plaintiff's Request for Initial Screening of Complaint is **GRANTED**. (ECF No. 5.) Having performed the initial screen, the undersigned **RECOMMENDS** that the Court **DISMISS** this action in its entirety under §§ 1915(e)(2) and 1915A for failure to state claim upon which relief can be granted.

**PROCEDURE ON OBJECTIONS**

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and

Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

**IT IS SO ORDERED.**

**DATE: March 14, 2012**           /s/ *Elizabeth A. Preston Deavers*
                                   **ELIZABETH A. PRESTON DEAVERS**
                                   **UNITED STATES MAGISTRATE JUDGE**